# UNITED STATES DISTRICT COURT
# DISTRICT OF ALASKA

| | |
|---|---|
| **International Brotherhood of Teamsters Local 959,** | ) |
| Petitioner, | ) 4:13-CV-00039 JWS |
| vs. | ) ORDER AND OPINION |
| **Horizon Lines of Alaska, LLC,** | ) [Re: Motions at docket 9 and 13] |
| Respondent. | ) |

## I. MOTIONS PRESENTED

At docket 9, petitioner International Brotherhood of Teamsters Local 959 ("Local 959") filed a motion for summary judgment, which respondent Horizon Lines of Alaska, LLC ("Horizon") opposed at docket 17. Local 959 filed a reply at docket 20.

At docket 13, Horizon also filed a cross-motion for summary judgment. Local 959 filed an opposition at docket 19. Horizon filed a reply at docket 21.

## II. BACKGROUND

Horizon is a maritime shipping company that employs approximately 17 truck drivers. These drivers own their own trucks and lease them to Horizon. In return,

Horizon pays them a wage for the time they spend driving as well as "truck payments," which are based on the number of miles their truck is used for Horizon's purposes.[1]

Horizon's drivers are members of Local 959, a labor organization. Horizon and Local 959 have entered into a collective bargaining agreement that provides for the arbitration of grievances. After Horizon suspended one of Local 959's members, Mike Dropik, Local 959 filed a grievance asserting that Horizon lacked just cause for the suspension. The parties proceeded to arbitration, where they presented the following two questions to the arbitrator: (1) did Horizon have just cause to suspend Dropik?; and (2) if not, what is the appropriate remedy?[2]

At the arbitration hearing Dropik testified in pertinent part that he leases his truck to Horizon and therefore has two separate relationships with Horizon, "one as the owner of the truck and one as a direct employee."[3] Local 959's closing brief asked the arbitrator to remove the suspension from Dropik's file and make Dropik whole for the wages, benefits, and truck payments he lost in connection with the work he missed.[4]

The arbitrator issued an Opinion and Award finding that Horizon did not have just cause to suspend Dropik and sustaining Local 959's grievance. As to the remedy, the arbitrator ordered Horizon to make Dropik whole "for lost wages, benefits, and truck

---

[1] Doc. 3 at 3.

[2] Doc. 9-1 at 8.

[3] Doc. 9-2 at 23.

[4] Doc. 17-3 at 12. Horizon's repeated assertion that the arbitration record lacks any reference to truck payments is false, as Horizon itself eventually concedes. *Compare* Doc. 17 at 3 n.2 ("[T]here is absolutely no mention of truck payments anywhere in the arbitration record."), *and* Doc. 17 at 3 ("The Union thus achieved, through stealth, an arbitration award that uses the words 'truck payments' but contains no record of any such thing existing anywhere in the entire record of the arbitration."), *with* Doc. 17 at 6 (conceding that Local 959 requested truck payments in its closing brief). *See also* the arbitrator's award. Doc. 9-1 at 23 ("The Union requests make-whole relief for wages, benefits, and *lost truck payments* for the period of the suspension. That is an appropriate remedy under the circumstances, and I will so order.") (emphasis added).

payments that resulted from the suspension."[5] The arbitrator did not determine any of these amounts. Instead, he retained jurisdiction for 90 days following the decision "to resolve any disputes about the remedy."[6]

Such a dispute arose about a month later when Horizon unilaterality decided not to pay Dropik any lost truck payments, claiming that the arbitrator lacked authority to order such relief.[7] Neither party submitted this dispute to the arbitrator. Instead, Local 959 brought this action to confirm the arbitration award pursuant to Section 301 of the Labor Management Relations Act ("LMRA").[8]

### III. STANDARD OF REVIEW

Section 301 of the LMRA grants the District Court jurisdiction to review and enforce labor arbitration awards.[9] However, the arbitrator's award must normally be final and binding before such review is undertaken.[10] "To allow judicial intervention prior to the final award would contravene the fundamental federal labor policy of deference to contractual dispute resolution procedures, and would interfere with the purpose of arbitration: the speedy resolution of grievances without the time and expense of court

---

[5] Doc. 9-1 at 24.

[6] Doc. 9-1 at 8.

[7] Doc. 9-3 at 8; Doc. 3 at 4–5.

[8] 29 U.S.C. § 185.

[9] *Gen. Drivers, Warehousemen & Helpers, Local Union No. 89 v. Riss & Co.*, 372 U.S. 517, 519 (1963); *Kemner v. Dist. Council of Painting & Allied Trades No. 36*, 768 F.2d 1115, 1118 (9th Cir. 1985).

[10] *Gen. Drivers*, 372 U.S. at 520 ("Of course, if it should be decided after trial that the grievance award involved here is not final and binding under the collective bargaining agreement, no action under § 301 to enforce it will lie."); *Kemner*, 768 F.2d at 1118 ("[A] court should refrain from reviewing an arbitrator's work until a final and binding award is issued.").

proceedings."[11] "Moreover, interlocutory review of non-final arbitration awards would defeat the purpose of 28 U.S.C. § 1291 to avoid piecemeal litigation of a claim."[12]

### IV. DISCUSSION

Both Horizon and Local 959 are asking this court to confirm the arbitration award.[13] Their dispute centers on what should happen next. On one hand, Local 959 requests a remand to the arbitrator for determination of Dropik's truck payment damages.[14] On the other hand, Horizon opposes this request and seeks confirmation of the arbitrator's incomplete award, rendering it meaningless due to its incompleteness.[15] This court lacks jurisdiction to consider these requests, however, because the arbitrator's decision is not yet final.

An arbitrator's decision is final and binding only where it is "intended by the arbitrator to be a complete determination of the claims, including the issue of damages."[16] Where an arbitrator specifically retains jurisdiction to resolve disputes regarding damages, that indicates that the arbitrator did not intend the award to be

---

[11] *Millmen Local 550, United Bhd. of Carpenters & Joiners of Am., v. Wells Exterior Trim*, 828 F.2d 1373, 1375 (9th Cir. 1987) (citing *United Steelworkers of Am. v. Am. Mfg. Co.*, 363 U.S. 564, 566-68 (1960); *Kemner*, 768 F.2d at 1118; *Aerojet-Gen. Corp. v. Am. Arbitration Ass'n*, 478 F.2d 248, 251 (9th Cir. 1973)).

[12] *Id.* (citing *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546 (1949); *Liberian Vertex Transports, Inc. v. Associated Bulk Carriers, Ltd.*, 738 F.2d 85, 87 (2d Cir.1984)).

[13] Doc. 1 at 3; Doc. 3 at 5.

[14] Doc. 10 at 13; Doc. 13 at 13.

[15] Doc. 17 at 17.

[16] *Millmen*, 828 F.2d at 1376 (construing *Michaels v. Mariforum Shipping*, 624 F.2d 411, 413–14 (2d Cir.1980)).

final.[17]  Put simply, "an arbitration award that postpones the determination of a remedy should not constitute a 'final and binding award' reviewable under section 301."[18]

In *Millmen*, the Ninth Circuit addressed whether the district court has jurisdiction to review an arbitrator's award that determines liability but reserves jurisdiction to resolve disputes regarding the remedy.[19]  The arbitrator in *Millmen* issued an award that remanded the question of remedy to the parties, with the arbitrator "retaining jurisdiction in the event that the [p]arties cannot agree upon such remedy."[20]  The union filed a petition with the district court to confirm the arbitrator's decision, which the court granted.  The Ninth Circuit reversed, holding that the arbitrator's award was not final and therefore not reviewable.[21]

The Ninth Circuit drew parallels between the finality of an arbitration award and the finality rule in 28 U.S.C. § 1291, which gives the courts of appeals jurisdiction over appeals from final district court judgments.  The panel noted that a final judgment under Section 1291 is "one which ends the litigation . . . and leaves nothing for the court to do but execute the judgment."[22]  A judgment is not final "if it decides only liability and leaves open the question of relief."[23]  Applying these principles to the context of arbitration, the Ninth Circuit concluded that "an arbitration award that postpones the determination of a remedy should not constitute a final and binding award reviewable

---

[17]*Id*. at 1376–77.

[18]*Id*. at 1376.

[19]*Id*. at 1374.

[20]*Id*. at 1374–75.

[21]*Id*. at 1374.

[22]*Id*. at 1376 (citing *Warehouse Rest., Inc. v. Customs House Rest., Inc.*, 726 F.2d 480, 481 (9th Cir.1984)).

[23]*Id*. (quoting *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 740 (1976)).

under section 301."[24] In so holding, the Ninth Circuit found that the arbitrator's specific retention of jurisdiction to decide the remedy indicated that the arbitrator did not intend the award to be final.[25]

The Third Circuit's decision in *Union Switch*[26] is also on point. In *Union Switch* the arbitrator found liability and ordered the company to make the adversely-affected employees whole. The arbitrator did not determine the specific amount of damages that would make the employees whole; instead, he retained jurisdiction "to make final rulings and on any remedial disputes that the parties are unable to resolve after full discussion."[27] As in the present case, the parties brought the award before the district court without first obtaining a ruling from the arbitrator specifying damages. After the district court confirmed the award, the Third Circuit reversed, holding that there was "no doubt that the district court committed serious error when it entertained the original cross-applications to vacate and enforce" the arbitrator's incomplete award.[28]

The Third Circuit noted that it was a common and reasonable practice for arbitrators "to 'call time out' during an arbitration in the hope that a partial resolution will inspire the parties to work out their remaining differences on their own, thereby avoiding the time and expense of additional arbitration."[29] Parties may not use these "time outs" as "an opportunity to rush to court, either to preserve what they have just won, or (more often) to forestall a process that is not turning out as they might have wished" because

---

[24]*Id*. (citing *Pub. Serv. Elec. & Gas Co. v. Sys. Council U-2, Int'l Bhd. of Elec. Workers*, 703 F.2d 68, 69–70 (3d Cir.1983)).

[25]*Id*. at 1376–77.

[26]*Union Switch & Signal Div. Am. Standard Inc. v. United Elec., Radio & Mach. Workers of Am., Local 610*, 900 F.2d 608 (3rd Cir. 1990).

[27]*Id*. at 609.

[28]*Id*. at 610.

[29]*Id*. at 611.

-6-

that would lead to "vastly prolonged and unnecessary litigation, which is of course precisely what arbitration exists to avoid."[30]

Applying these principles, the court concludes that the arbitrator's award is not final because it does not completely determine the issues presented to arbitration. The award orders Horizon to make Dropik whole, but does not specify the amount of lost truck payments that are necessary to accomplish that objective. The task of determining this amount is more than a mere ministerial act, such as a mathematical calculation.[31] As Horizon observes, the unresolved factual issues include how truck payments are calculated, how many truck payments Dropik lost due to his suspension, and whether Dropik mitigated his damages, if necessary. It would contravene federal labor policy and the purpose of arbitration for the court to intervene at this point. This conclusion is bolstered by the fact that the arbitrator specifically retained jurisdiction to resolve disputes about the remedy, which indicates that he did not intend for his award to be final.[32]

Horizon cites *Teamsters Local Union, No. 760 v. United Parcel Service, Inc.*,[33] and argues that Local 959 waived the ability to present evidence regarding these unresolved factual issues because it did not raise these issues before the arbitrator during his 90-day window of retained jurisdiction.[34] This argument is unconvincing. *United Parcel Service* is distinguishable from the present case because there the issue

---

[30]*Id*.

[31]In contrast, where all that remains is a mathematical computation of the amount of damages, that is a mere "ministerial act" that does not render the award non-final. *See Bensalem Park Maint., Ltd. v. Metro. Reg. Council of Carpenters*, No. 11-2233, 2011 WL 2633154, at *5 (E.D. Pa. July 5, 2011); *Millmen*, 828 F.2d at 1377 (construing *United Steelworkers*, 363 U.S. at 599) ("[T]he arbitrator need not complete the mathematical computations of the award for the award to be final and reviewable.")).

[32]*See Millmen*, 828 F.2d at 1376–77.

[33]921 F.2d 218 (9th Cir.1990).

[34]Doc. 21 at 5–7.

of waiver had already been decided by the arbitrator, which led to the Ninth Circuit's holding that the "union had no right to relitigate the arbitrator's decision in federal court."[35] Here, in contrast, the parties have not submitted the issue of waiver to the arbitrator; the court therefore declines to reach the issue because it is premature.[36]

### V. CONCLUSION

For the reasons set forth above, the parties' cross-motions for summary judgment, at docket 9 and 13, are hereby **DENIED**. This matter is **DISMISSED** and **REMANDED** to the arbitrator for completion of the arbitration award.

DATED this 20th day of May 2014.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[35] *United Parcel Service*, 921 F.2d at 220.

[36] *See United Steel, Paper & Forestry v. Sekisui Specialty Chemicals Am., LLC*, No. 5:11-CV-43, 2012 WL 692810, at *8 (W.D. Ky. Mar. 1, 2012) (construing *United Parcel Service*, 921 F.2d at 220).